UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SUTTON, JR.,

        Petitioner,

v.                                              Case Number 06-13543-BC
                                                Honorable Thomas L. Ludington

MICHAEL COX,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner David Sutton, Jr. filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Wayne County Circuit Court of attempting to file a false report of a felony and attempting to commit insurance fraud. The trial court sentenced Petitioner to one year of probation. Petitioner alleges that he is incarcerated in violation of his rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Respondent has filed an answer to the Habeas Petition, asserting that Petitioner's claims are unexhausted, not cognizable, or without merit. The Court agrees that Petitioner is not entitled to habeas relief. Therefore, the Habeas Petition will be denied.

I.

Following a bench trial in 2003, Petitioner was convicted of attempt to make a false report of a felony, Mich. Comp. Laws § 750.411a, and attempt to commit insurance fraud, Mich. Comp. Laws § 500.4511(1). The convictions arose from Petitioner's "reports to both the Detroit Police Department and his insurance company that his car had been stolen, and claiming that he had seen

the car the day before he made the reports, when the car had actually been impounded for almost two weeks prior to the reports being made." *People v. Sutton*, No. 252932 (Mich. Ct. App. Aug. 9, 2005).

On November 13, 2003, the trial court sentenced Petitioner to one year of probation. The probationary sentence was subsequently extended a few times and currently is expected to expire on December 11, 2008. The Michigan Court of Appeals affirmed Petitioner's convictions, *see id*., and on March 22, 2006, the Michigan Supreme Court denied leave to appeal. *See People v. Sutton*, 474 Mich. 1085 (2006).[1]

Petitioner filed the instant habeas corpus petition on August 8, 2006. The grounds for relief and supporting facts read:

> I. Lack of Probable Cause. 4th Amend.
>
> To establish probable cause, the prosecution had to establish every element of the charged offense. The people did not establish element one of the charged offense. Thus, probable cause was never established.
>
> II. Ineffective Assistance of Counsel. 6th Amend.
>
> Counsel for the defense never objected or motion[ed] to the District Court that prosecutor witness, Ms. L. Buchanan, was not a police officer. Thus, the people were without element one of the charged offense.
>
> III. Lack of due process. 14th Amend.
>
> The evidence was insufficient to support defendant's conviction.

Although Respondent argues that Petitioner did not exhaust state remedies for all these claims, the exhaustion requirement is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526

---

[1] Justice Michael F. Cavanagh voted to grant leave to appeal.

(6th Cir. 2005), *cert. denied sub nom Houk v. White,* __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006), and Petitioner's claims lack merit. The Court, therefore, will proceed to address the substantive merits of Petitioner's claims, using the following standard of review.

## II.

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal

law was objectively unreasonable." *Id*. at 409. When a state court fails to articulate a basis in federal law for rejecting a prisoner's federal claims, "deference is owed only to the result reached by the [state court], and not its reasoning, and this court must conduct an independent review of the record and the law to determine whether the state court's ruling comports with the requirements of § 2254(d)." *Stewart v. Erwin*, 503 F.3d 488, 494 (6th Cir. 2007) (quotation marks and end citations omitted).

III.

A.

The first habeas claim alleges that the prosecution failed to establish probable cause under the Fourth Amendment. Specifically, Petitioner asserts that the state district court did not have probable cause to believe that he committed the charged crimes and there was no competent evidence on which to bind him over to state circuit court.

To the extent that Petitioner is arguing under the Fourth Amendment that the police lacked probable cause to arrest him, his claim is not cognizable on habeas review. As explained in *Stone v. Powell*, 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

Similarly, Petitioner's allegation that the state district court erred in binding him over to state circuit court likewise is not cognizable here. Petitioner had no constitutional right to a preliminary hearing when criminal charges were instituted against him, *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965), and this Court may not vacate a conviction on the ground that the defendant was detained

pending trial without a determination of probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). When a defendant is ultimately convicted, as Petitioner was, he cannot upset his conviction on the basis that probable cause was not shown before trial. *United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986) (quoting *United States v. Millican*, 600 F.2d 273, 277-78 (5th Cir. 1979)). Petitioner's first claim does not entitle him to relief.

B.

The second habeas claim alleges ineffective assistance of counsel. The essence of this claim is that defense counsel did not object to the bindover on the ground that Petitioner did not report the crime to a police officer.

To prevail on his ineffectiveness claim, Petitioner must demonstrate that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To establish that counsel's deficient performance prejudiced the defense, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

At the time of the alleged offense, the statute provided in relevant part:

> Sec. 411a. (1) Except as provided in subsection (2), a person who intentionally makes a false report of the commission of a crime to a member of the Michigan state police, a sheriff or deputy sheriff, a police officer of a city or village, or any other peace officer of this state knowing the report is false is guilty of a crime . . . .

Mich. Comp. Laws § 750.411a(1).[2]

Petitioner claims that his attorney should have objected to the fact that he reported a crime to a civilian employee of the City of Detroit and, therefore, the prosecution failed to establish that he made a false report to a sworn officer. Although the attorney representing Petitioner at the preliminary examination did not make this argument (Tr. May 12, 2003, at 43-45), Petitioner's trial attorney made the argument in a motion to quash the bindover (Tr. Oct. 17, 2003, at 4-9). The trial court denied the motion on the ground that the civilian employee who answered Petitioner's telephone call acted in behalf of the Detroit Police Department. The trial court determined that there was adequate compliance with the statute.

The Michigan Court of Appeals concluded that the trial court did not err when it denied Petitioner's motion to quash. The court of appeals stated that Petitioner's argument was misplaced because he also reported to Police Officer James Sharpe that his car had been stolen.

For the reasons given by the state courts, this Court agrees that the prosecution established the element of making a false report to the police. Therefore, defense counsel's performance at the preliminary examination was not deficient. Further, because Petitioner's argument was rejected by the trial court and the Michigan Court of Appeals, the alleged deficiency at the preliminary

---

[2] This section was amended in 2004 to read:

> Sec. 411a. (1) Except as provided in subsection (2), a person who intentionally makes a false report of the commission of a crime, or intentionally causes a false report of the commission of a crime to be made, to a peace officer, police agency of this state or of a local unit of government, 9-1-1 operator, or any other governmental employee or contractor or employee of a contractor who is authorized to receive reports of a crime, knowing the report is false, is guilty of a crime . . . .

Mich. Comp. Laws § 750.411a.

examination did not prejudice the defense. Petitioner has no right to relief on the basis of his claim about defense counsel.

C.

Petitioner's third and final claim alleges that there was insufficient evidence to support his convictions. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). After *Winship,* the critical question on review of the sufficiency of the evidence to support a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

1.

Filing a false report of a felony entails making a false report to a police officer with knowledge that the report was false at the time it was made. *See People v. Lay*, 336 Mich. 77, 82 (1953). Petitioner argues that there was no evidence that he reported the crime to a police officer and that the trial court's interpretation of the statute was erroneous.

A prosecution witness testified that Petitioner reported a stolen vehicle to the crime reporting unit of the Detroit Police Department. (Tr. Oct. 17, 2003, at 19 and 23.) There was additional evidence adduced at trial that Petitioner's vehicle was not stolen and that he knew it was not stolen. *See infra*, Section III.C.2. Thus, a rational trier of fact could have concluded that Petitioner attempted to make a false report of a crime to the police with knowledge that the report was false.

2.

To prove insurance fraud,

[t]he prosecution must prove that the defendant (1) knowingly and with the intent to injure, defraud, or deceive (2) presents, causes to be presented, or prepares with knowledge and belief that it will be presented to an insurer, an oral or written statement to an insurer (3) containing false information concerning any fact or thing material to a claim for payment or benefit pursuant to an insurance policy.

*People v. Jones*, 2002 WL 346129, at *2 (Mich. App. Mar. 1, 2002) (unpublished).

Petitioner contends that there was no evidence that he reported having last seen his vehicle on September 3, 2002. This allegation is belied by the record, which indicates that the vehicle was impounded on August 26, 2002. On September 4, 2002, Petitioner informed the crime reporting unit of the police department and his insurance company that the car was stolen. He claimed to have last seen it on September 3, 2002. On October 8, 2002, Petitioner admitted to Officer James Sharpe that the police had been in possession of his car since August 26, 2002. Officer Sharpe did not think that the police had provided Petitioner with this information. Also, when the insurance investigator pointed out to Petitioner that Petitioner initially represented that he last saw the vehicle on September 3, 2002, Petitioner responded that he did not recall saying that. Instead, Petitioner explained that he thought he last saw it a short time before September 4, 2002. A rational trier of fact could have concluded from the evidence that Petitioner knowingly reported false information to his insurance company in order to acquire the benefits of his insurance policy.

3.

The evidence was sufficient for a rational trier of fact to conclude, from the facts viewed in the light most favorable to the prosecution, that Petitioner attempted to make a false report of a

felony and attempted to defraud his insurance company. Therefore, the state appellate court's finding that the evidence was sufficient amounted to an objectively reasonable decision.

III.

The state appellate court's decision in this case was not contrary to federal law, not an unreasonable application of federal law, nor an unreasonable determination of the facts.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus [Doc. 1, Aug. 8, 2006] is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of the constitutional claims debatable or incorrect. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS